FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 16 2011

Stephan Harris, Clerk
Cheyenne

Stephen H. Kline
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938
(307) 778-7056
(307) 635-8106 (f)

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

\* \* \* \* \*

| | |
|---|---|
| KEVIN L. KOESSEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11CV058-J |
| vs. ) | |
| ) | |
| SUBLETTE COUNTY SHERIFF'S ) | |
| DEPARTMENT, BOARD OF ) | |
| COUNTY COMISSIONERS ) | |
| SUBLETTE COUNTY WYOMING, ) | |
| WAYNE M. BARDIN, WILLIAM W. ) | |
| CRAMER, JOHN P. LINN and JOEL E. ) | |
| BOUSMAN, in their individual and ) | |
| official capacities ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Kevin L. Koessel, by and through his attorney, Stephen H. Kline, for his

Complaint against Defendants, states and alleges as follows:

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §1983, the 5th and 14th amendments to the United States Constitution and state law pursuant to W.S. §18-3-611.

## JURISDICTION, VENUE AND PARTIES

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. This action is authorized and instituted pursuant to Section 107 (a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117 (a); Title VII of the Civil Rights Act of 1964 (Title VII); 42 U.S.C. §2000e-5(f)(1); Section 102 of the Civil Rights Act of 1991; 42 U.S.C. §1981(a); 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

2. Pursuant to 28 U.S.C. § 1391 proper venue for, this cause of action is the United States District Court for the District of Wyoming. The unlawful employment practices complained of occurred within the District of Wyoming.

3. All conditions precedent to jurisdiction under Section 107 (c) of the ADA; 42 U.S.C. § 12117 (a) and Section 706 of Title VII, 42 U.S.C. § 2000e-5 (e) and (f), as the same may be applicable to Plaintiff's various causes of action, have occurred or been complied with, to-wit:

   a. The employers' unlawful employment practices commenced on or about April 2009, and continued up to and including the date of Plaintiff's termination

2

from employment on August 12, 2009. Charges of employment discrimination on the basis of a disability and perceived disability were filed with the United States Equal Employment Opportunity Commission ("EEOC") through the Wyoming Department of Labor within three hundred (300) days of the commission of the unlawful employment practice alleged herein on February 1, 2010.

b. A Notification of Right to Sue on the basis of disability and/or perceived disability discrimination charge was received from the EEOC on December 27, 2010.

c. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

4. Plaintiff, Kevin L. Koessel, is the aggrieved party in this action and is authorized to sue to enforce his private rights by virtue of the statutes and laws set forth above. Plaintiff is a citizen of the United States and the State of Wyoming, residing in Big Piney, Wyoming.

5. Sublette County is a political subdivision of the State of Wyoming. It is a "body corporate and politic[.]," organized and established under the laws of the State of Wyoming. W.S. § 18-2-101, et. seq. Defendant Board of County Commissioners is the governmental entity existing under the laws of the State of Wyoming which governs Sublette County, Wyoming. Defendants Bousman, Cramer, and Linn were at all times relevant hereto the elected Commissioners of Sublette County, Wyoming.

6. The Defendant, Sublette County Sheriff's Department, is an office created by State of Wyoming with power and authority derived from the State of Wyoming which,

with the consent of the Board of County Commissioners, "[m]ay appoint one (1) or more full-time deputies. . ." and which has certain statutory duties and obligations regarding the employment of deputies contained in the Wyoming Statues at W.S. § 18-3-601, et. seq.  At all times relevant to this litigation Defendant, Wayne Bardin, was the duly elected Sheriff of Sublette County, Wyoming.

7.  Defendants are "persons" within the meaning of the ADA, 42 U.S.C. § 12111(7) and, 42 U.S.C. §2000e.  At all times the actions of the individual Defendants were taken in both their official and individual capacities.

8.  Defendants are engaged in an "industry affecting commerce" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7) and § 701 VII of the Civil Rights Act of 1964, 42 U.S.C. 5200e.

9.  Defendants continuously had and do now have in excess of twenty five (25) employees and are "employers" within the meaning of 42 U.S.C. 12111(5) and §701 of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §2000e and the ADA.

10. At all times material hereto, Defendants' and their agents and employees were acting within the scope of their employment and with the knowledge and consent of Defendants and under color of state law.

11. On February 11, 2011, Plaintiff timely filed a Notice of Claim with Sublette County, Wyoming and the Sublette County Sheriff's Department regarding the issues alleged in this Complaint.  Defendant William Cramer was served with a copy of the Notice of Claim on January 26, 2011 and Defendant Joel Bousman was served with a

copy of the Notice of Claim on January 28, 2011. Defendant Linn has been served a copy of the Notice along with this Complaint. Said Notice of Claim is verified by the Plaintiff under oath, itemized and complies with Wyo. Stat. Ann. § 1-39-113 and Article 16, Section 7 of the Wyoming Constitution.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 11 above and incorporates them herein by reference.

13. At all times relevant to this litigation, Plaintiff was a full-time sworn Deputy employed by the Sublette County Sheriff's Department and Sublette County who worked in that capacity from April 2002 through August 12, 2009. On December 21, 2007, Plaintiff was employed as a patrol sergeant for the Sublette County Sheriff's Department and Sublette County, Wyoming. He handled that job without complaint or discipline from April 2002 up to and through December 21, 2007.

14. On or about December 21, 2007, Plaintiff suffered a stroke. He was off work from December 21, 2007 through August of 2008. By August 2008, Plaintiff had recovered from his stroke, although he still had a partially paralyzed bladder and was required to catheterize himself daily.

15. On August 26, 2008, Plaintiff was released by his treating physician to return to work with no restrictions other than not to work overtime. Plaintiff returned to work

as a patrol sergeant although he was mainly allowed to do back up patrol work and desk work approving reports and performing VIN inspections.

16. Following his return to work, Plaintiff performed all the essential functions of his patrol and desk jobs without any accommodation or incident. On April 2, 2009, without prior incident or notice, Plaintiff was placed on administrative leave following a determination by the Defendants that he be given an Independent Medical Examination related to his fitness for duty. Subsequently, Defendant Bardin, in consultation and agreement with the Defendants Bousman, Cramer and Linn sent Plaintiff to be evaluated by Gerald Moress M.D., a neurologist practicing in Salt Lake City, Utah. In advance of the medical examination, Sheriff Bardin sent a letter approved by Defendants Bousman, Cramer and Linn to Dr. Moress which letter informed Dr. Moress that Plaintiff had left work on unspecified occasions due to stressful situations and high blood pressure and that Plaintiff had been confrontational at work and suffered memory losses. None of these statements is documented or in fact true.

17. Dr. Moress performed his examination on April 14, 2009, and subsequently sent a report to the Defendants. In his report Dr. Moress found no physical reason why Plaintiff could not return to work. Nonetheless, based on the concerns set forth in Sheriff Bardin's letter, Dr. Moress recommended that Plaintiff be referred to a neuropsychologist for a battery of testing. Subsequently, Defendants sent Plaintiff for an examination by a neuropsychologist, Michael Enright, Ph.D. of Jackson, Wyoming. The examination was held on April 24, 2009, and again a series of tests was administered.

Dr. Enright's report was delivered to Sheriff Bardin on May 8, 2009. Dr. Enright also found no medical reason for taking Plaintiff off of work, however based upon the concerns expressed in Sheriff Bardin's letter, Dr. Enright recommended that Plaintiff be kept in a position of low stress.

18. On May 20, 2009, Plaintiff was allowed to return to work under the supervision of the Emergency Management Coordinator which is a part of the Sublette County Sheriff's Office. Subsequently on June 17, 2009, Plaintiff was informed by Defendant Bardin that his position under the Emergency Management Coordinator had not been approved by the County Commissioners, and he was placed on administrative leave for a second time.

19. On June 30, 2009, the Defendants requested that Plaintiff apply for medical retirement and/or long term disability. On August 3, 2009, Plaintiff informed Defendants that in discussion with his physicians, he could not qualify for long term disability or medical retirement.

20. Plaintiff was served with a notice of discharge by Defendant Bardin on August 12, 2009. In the notice of discharge, Defendant Bardin stated that due to the report from Dr. Michael Enright, "the Sheriff's Department has determined that there are no available positions in the Sheriff's Department for which you are medically cleared to perform. For safety purposes and to prevent injury to you or the public at large, this office has no alternative to discharge you from duty." The notice of discharge was sent

in consultation with and the approval of the Defendant Board of County Commissioners and the Defendants Bousman, Cramer and Linn.

21. Following the notice of discharge, the Peace Officer's Standards & Training Commission (POST) was notified of Plaintiff's discharge from employment with Sublette County. POST requested medical information regarding Plaintiff's medical dismissal from the Defendants. From the medical information, POST concluded that Plaintiff is "fit for duty".

22. At all times following August 26, 2008, Plaintiff was able and fit to return to his job as a patrol sergeant with or without accommodation.

23. As a direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiff has suffered loss of earnings and benefits, past and future, loss of earning capacity, emotional distress, humiliation, embarrassment, loss of enjoyment of life all in an amount to be shown according to proof at time of trial and for which damage he should be justly compensated.

24. As a further direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiff has incurred and will incur attorney fees and costs herein in an amount yet to be determined.

**FIRST CLAIM FOR RELIEF - VIOLATION OF ADA**

25. Plaintiff reasserts the allegations contained in paragraphs 1 through 24 above and incorporates them herein by reference.

26. Plaintiff is a "qualified individual" with a "disability" or a "perceived disability" as those terms are defined in 42 U.S.C. §12102 and 42 U.S.C. §12111.

27. At all times following August 2008, Plaintiff, was able to perform the essential functions of his job with or without reasonable accommodation as set for the in 42 U.S.C. §12111.

28. In direct violation of 42 U.S.C., § 12112 Defendants discriminated against Plaintiff on the basis of a disability or perceived disability by, among other things:

    a. Refusing to allow Plaintiff to continue his duties as a deputy sheriff position.

    b. Refusing to make other positions available to him.

    c. Utilizing standards, criteria, and methods of administration that had the effect of discrimination and perpetuating discrimination.

    d. Refusing to allow accommodations to Plaintiff which would allow him to continue his employment with Defendants.

    e. Utilizing tests that screened out an otherwise qualified employee with disabilities or perceived disabilities and utilizing qualification standards, tests and other selection criteria that screened out and tended to screen out an individual with disabilities without relationship to job functions and business necessity and which perpetuated discrimination on the basis of disability.

29. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has been damaged as set forth above including being entitled to an award of attorney fees pursuant to 42 U.S.C. §§2000(a)-3, 12188 and 12205.

### SECOND CLAIM_ FOR RELIEF – BREACH OF CONTRACT

30. Plaintiff reasserts the allegations contained in paragraphs 1 through 29 above and incorporates them herein by reference.

31. Pursuant to W.S. §18-3-611 and Sheriff's Department policies, Plaintiff had a contractual right to be terminated only for "cause".

32. Defendants did not have cause to terminate Plaintiff and breached their contractual obligations to the Plaintiff by terminating him.

33. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged as set forth above.

### THIRD CLAIM_ FOR RELIEF – 42 U.S.C. §1983

34. Plaintiff reasserts the allegations contained in paragraphs 1 through 33 above and incorporates them herein by reference.

35. Pursuant to W.S. §18-3-611 and the Sheriff Department policies, Plaintiff had an expectation of continued employment with the Defendants and thus a property interest in that employment. Plaintiff could only be demoted and/or terminated for cause.

Plaintiff was entitled to notice and a pre-termination and post-termination hearing prior to his termination from employment.

36.     Defendants discharged Plaintiff without notice and/or opportunity for a hearing in violation of his substantive and procedural due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and as made actionable by 42 U.S.C. § 1983.

37.     Plaintiff has suffered damages as a result of Defendants' actions.

## PUNITIVE DAMAGES

38.     Plaintiff realleges and incorporates by this reference the allegations contained in paragraph 1 through 37 above.

39.     The acts and omissions of Defendants as set forth above amount to an unlawful and intentional violation of clearly established Federal laws. The Defendants' actions and inactions were accomplished with total disregard for the rights of Plaintiff, justifying punitive damages in an amount sufficient to punish Defendant and to make an example of their conduct to deter similar conduct in the future.

WHEREFORE, Plaintiff prays the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1.     For actual damages including back pay and front pay; lost benefits, and lost earning capacity, in an amount to be determined at trial of this matter.

2.   For compensatory damages including emotional distress and loss of enjoyment of life.

3.   For attorneys' fees and costs, including legal expenses and costs, incurred in this action.

4.   For Punitive Damages.

5.   For such other and further relief as is just and equitable in the premises.

DATED this 16th day of February, 2011.

    KEVIN L. KOESSEL, Plaintiff

By _____
    Stephen H. Kline, #5-1761
    Kline Law Office, P.C.
    P.O. Box 1938
    Cheyenne, WY 82003
    Attorney for Plaintiff